**UNITED STATES of America**

v.

**Derwood McCULLOUGH.**

**No. CRE90–131–B–D.**

United States District Court,
N.D. Mississippi.

Feb. 14, 1991.

Charles W. Spillers, Asst. U.S. Atty., Oxford, Miss., for U.S.

Grady F. Tollison, Oxford, Miss., and Kenneth M. Burns, Okolona, Miss., for Derwood McCullough.

## ORDER GRANTING MOTION TO DISMISS INDICTMENT

BIGGERS, District Judge.

The government has filed an indictment against Derwood McCullough, charging one count of conspiracy and two counts of embezzlement. Mr. McCullough is the Chancery Clerk of Chickasaw County. The cornerstone of all three counts of the indictment is an alleged violation of § 25–4–105(3)(a), Miss.Code Ann. (1972), which prohibits any public official from contracting with the governmental entity of which he is an official. The statute reads as follows:

(3) no public servant shall:

(a) be a contractor, subcontractor or vendor with the governmental entity of which he is a member, other than in his contract of employment, or have a material financial interest in any business which is a contractor, subcontractor, or vendor with the governmental contractor of which he is a member.

In considering the defendant's motion to dismiss, the court by law accepts as true the factual allegations set forth in the indictment, most of which are undisputed anyway. *United States v. Mann*, 517 F.2d 259, 266 (5th Cir.1975). A summary of the facts on which the court bases its ruling is pertinent.

The Board of Supervisors of Chickasaw County, Mississippi voted to purchase a Dresser model 530 front-end loader and advertised in the local newspaper for bids to be received from proposed vendors as required by law. Mississippi Road Supply submitted a sealed bid to the Chickasaw County Chancery Clerk's office for sale of a front-end loader in accordance with the

specifications in the newspaper advertisement, proposing to sell the loader to Chickasaw County for $70,000.00. Mississippi Road Supply was the only bidder and won the contract. Before accepting the only bid, the county inquired of the State Auditor about the legality of accepting a single bid and was advised that it was permissible. Chickasaw County entered into a written lease/purchase agreement with Mississippi Road Supply on the machine which provided that Chickasaw County would pay a monthly lease payment of $1,419.35 for a period of sixty months and at the expiration of such period the county would be the owner of the front-end loader. This lease/purchase agreement was assigned by Mississippi Road Supply to M & H Loans, which is partially owned by Derwood McCullough, the accused. The front-end loader was delivered to Chickasaw County by Mississippi Road Supply and put into service by the county. The lease/purchase agreement owned by Mississippi Road Supply was sold to M & H Loans. Thereafter, Chickasaw County issued monthly checks to M & H Loans in the amounts and on the dates provided for in the lease/purchase agreement. Derwood McCullough personally received some of the checks written by Chickasaw County to M & H Loans and personally cashed some of them.

The basic question for the court's consideration is whether the purchase of the lease/purchase agreement by McCullough's loan company, M & H Loans, and the subsequent acceptance by McCullough as part owner of M & H Loans of the lease payments from Chickasaw County as per the terms of the contract, constitute a violation of the laws of the State of Mississippi dealing with conflict of interest as that law is quoted above.

■ The system of federalism and abstention in the United States, that is, the principle that the federal courts will leave state laws to the interpretation of the state courts and federal courts will give state court interpretations priority when cases are brought in federal courts involving state laws, is a long and well established principle of American jurisprudence.

*Moore v. Sims*, 442 U.S. 415, 423, 99 S.Ct. 2371, 2377, 60 L.Ed.2d 994, 1003 (1979). This court respects the federalism of our nation and will not make a *de novo* ruling on whether McCullough's actions were violative of the above cited state conflict of interest statute; rather, it will accept the ruling of the state courts on this issue.

■ The Supreme Court has often expressed the essence of federalism, that state courts are the principal expositors of state law, and when federal courts disrupt that process of mediation by interjecting themselves in such disputes, they prevent the informed evolution of state policy by state tribunals. *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371. The Supreme Court has recognized on many occasions that states have a very important interest in executing certain aspects of their own judicial system. *Pennzoil v. Texaco*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). Since, however, this court has analyzed the state statute and McCullough's actions at length, this court feels constrained to interject in this opinion that it finds no conflict between M & H Loans' purchase of the lease agreement and § 25–4–105, Miss.Code Ann. (1972), for the reason that the state statute clearly provides that the public official shall not be a "... contractor with the county ... or have a material financial interest in a business which is a contractor ... with the county...." McCullough, through M & H Loans, did neither of those two acts. M & H Loans' contract and financial interest were with Mississippi Road Supply, a third party who made a legitimate business transaction with the county and whom no one, including the government, has charged with any wrongdoing. For the government to attempt to interpret § 25–4–105 so as to make a prosecutable offense out of the defendant's acts is overreaching and beyond the intent of the writers of this statute; and to argue that this court should disregard the state court interpretations of their own statutes and make a different interpretation which would allow the government to continue with this prosecution is to ignore the long standing and highly regarded principles of federalism and comity on which this nation

was founded. Consequently, were the decision for this court to make, the decision would be that McCullough did not violate § 25–4–105 by the acts alleged in the indictment; and that decision would agree with the decisions of the state courts on this issue. The Circuit Court of Chickasaw County, Mississippi dealing with the identical facts and parties of the case before this court ruled as follows: "[S]tatutorily, I can find that the actions that the Defendant took in this were legally correct." Cause No. 4307, Circuit Court of Chickasaw County, Mississippi, December 12, 1990, Harvey Buck, Judge. In the only other ruling by a state court interpreting whether a public official was in violation of § 25–4–105, the court ruled that a member of the board of supervisors who had an interest in a trucking company did not violate § 25–4–105 when the trucking company did business with a third party which had done business with the county, a closely analogous situation to the case before this court. That state court held that:

> The Legislature obviously chose the wording of this Section [25–4–105, Miss. Code Ann.] carefully, as it distinctly and clearly says that the governmental agency bringing the suit has to be directly injured by a violation of this, the act, and a recovery of damages suffered as a result of said violation.
>
> In my opinion, none of the Plaintiffs were injured by anything done by this Defendant, and none of the Plaintiffs suffered any damages for any acts allegedly done by this Defendant.

*Attorney General Mike Moore and Mississippi Ethics Commission v. William Jackson Renick*, Cause No. 2138, Circuit Court of Benton County, Mississippi, November 9, 1990, Francis Bowling, Judge.

The ruling by the Circuit Court of Chickasaw County, cited above, was appealed by the state attorney general and is now in the appellate process. This court is advised that the appellate process might take up to two years to complete. This court is of the opinion that the interpretations given to the statute by the two state courts are correct. They are at this time the law of the State of Mississippi and this court under our doctrine of federalism will consider them as authoritative. Therefore, the motion of the defendant that the indictment in this cause be dismissed will be granted and the charges dismissed without prejudice. Should the Mississippi Supreme Court reverse the decision of the Circuit Court of Chickasaw County concerning its interpretation of § 25–4–105 as applied to the defendant's actions—an event viewed by this court as unlikely—the government then may decide whether to refile these charges. The indictment in this cause is hereby DISMISSED without prejudice and the defendant's bond is DISMISSED.

ORDERED AND ADJUDGED.